CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. DE-
LANEY.

Opinion delivered May 4, 1908.

INSTRUCTIONS—RELEVANCY TO ISSUES.—Where a railroad company was sued upon a contract alleged to have been made with its roadmaster, and put its defense upon the ground that the terms of the contract made by the roadmaster were different from those alleged by plaintiff, it cannot complain that the court did not submit to the jury the question whether the roadmaster was authorized to make the contract.

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; affirmed.

*Buzbee & Hicks* and *Geo. B. Pugh,* for appellant.

1. It is error to instruct the jury on an issue where there is no evidence to support it. 79 Ark. 225; 77 Ark. 109; 69 Ark. 380. And, where an instruction is given submitting in general terms a certain issue along with others, it is error to refuse an instruction definitely and separately submitting it to the jury. 82 Ark. 503; 69 Ark. 134; 76 Ark. 227; 80 Ark. 438.

2. The burden was on plaintiff to show that the agents

with whom he contracted were authorized by the appellant to make such contract. 84 Ark. 373; 68 Ark. 284; 34 Ark. 194.

*C. T. Wetherby* and *Holland & Holland,* for appellee.

Appellant's special requests for instruction with reference to proof of agency were properly refused. The principal is bound by the act of his agent if it is within the scope of his apparent authority. Appellant was estopped to deny the agency because it had received the benefits of the contract so far as performed. 10 Cyc. 935; *Id.* 1066-7; *Id.* 1078; *Id.* 1080; 72 Am. Dec. 759; Mechem on Agency, 83, 84; *Id.* 105; *Id.* 148.

HILL, C. J. This is a suit for damages by Delaney against the railroad company for failure to permit him to carry out a contract which it had made with him to load upon cars at Hartford a quantity of dirt from the Bolen Darnell Coal Company's mine, suited for ballasting. The plaintiff recovered, and the railroad company appeals, and complains of the refusal of the court to give two instructions which, in effect, went to the authority of the roadmaster to make the contract sued upon. It is also contended that there is no evidence to authorize the finding that the roadmaster had authority to make the alleged contract.

The answer of the appellant to a second amended complaint alleged a contract existing between the appellee and the railroad company for the loading of the aforesaid dirt, the terms of which differed from that alleged by the appellee, but it set forth a contract between itself and the appellee covering the subject-matter of the disputed contract. In other words, it admitted a contract as to the loading of this dirt by the appellee, but claimed that the terms, extent and conditions of the same were different from those contended for by the appellee. And in effect that is the evidence of the appellant. It put its defense upon a contract made by its roadmaster with appellee, but alleged different terms from those which the appellee claims, and asserted a contract to remove some dirt from this particular pile.

In view of this state of the pleadings and the evidence on behalf of the appellant, it can not complain that the court did not submit the question of the authority of the roadmaster to make the contract to the jury.

Judgment affirmed.